IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MERRICK BARRINGTON STEDMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-15-230 |
| DAYENA CORCORAN, et al., | * | |
| Respondents. | * | |
| | ***** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Merrick Barrington Stedman's Motion to Alter and/or Amend the Judgment (ECF No. 34). The Motion is ripe for review, and no hearing is necessary. See Local Rule 105.6 (2018). For the reasons set forth herein, the Court will deny the Motion.

### I. BACKGROUND

On January 26, 2015, Stedman filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the District of Maryland.[1] (ECF No. 1). Stedman's Petition sought to challenge his 1993 convictions for murder and a handgun offense arising from the shooting of Sean Bristol.

On April 23, 2019, this Court issued a Memorandum Opinion and Order dismissing Stedman's Petition, reasoning that Stedman's Petition was time-barred because it was

---

[1] Additional facts of this case are set forth in the Court's April 23, 2019 Memorandum Opinion. (See ECF No. 30).

untimely filed and did not meet any of the exceptions to the statute of limitations. (ECF Nos. 30, 31). Specifically, the Court found that Stedman was not entitled to statutory or equitable tolling, nor had he made a showing of actual innocence such that the Court may consider his Petition in spite of its untimeliness.

In assessing the timeliness of the Petition and any possible basis for tolling, the Court noted that Stedman's convictions became final in 1994 and the one-year window for filing a federal habeas petition after the enactment of the Antiterrorism and Death Penalty Act of 1996 ("AEDPA") closed in April 1997, yet Stedman did not file the instant Petition until 2015. (See Apr. 23, 2019 Mem. Op. at 5–8, ECF No. 30). Additionally, the Court noted that Stedman did not move to re-open his state court proceedings until three years after receiving the affidavits of Vogelson and Baker, which claimed that Stedman was not the shooter. (Id. at 6–7). Further, Stedman did not file his federal Petition until 2015—nearly ten years after receipt of the affidavits and almost eighteen years after his window for filing a federal habeas petition closed. (Id.). As such, the Court found that Stedman was not entitled to statutory or equitable tolling. (Id. at 8).

Turning to his actual innocence claim, the Court found that Stedman failed to meet his burden of establishing that no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt in light of the new evidence presented in his Petition. (Id. at 9). In so finding, the Court reasoned that Stedman failed to establish that the Vogelson and Baker affidavits were reliable. (Id. at 20). The Court indicated that the delay between obtaining the affidavits and presenting them to the appropriate courts for consideration weighed against their reliability. (Id. at 22–23). The Court also observed that the affidavits

lacked specificity as to the shooting, the vantage point of the affiants, and the reason for the delay in providing the affidavits. (Id. at 23).

Next, presuming that the Vogelson and Baker affidavits constituted new evidence, the Court weighed the affidavits against the evidence presented at trial and found that "Stedman's situation does not present the extraordinary case where it is more likely than not that no reasonable juror would have convicted him in light of the affidavits." (Id. at 24). The Court reasoned that although there were "weaknesses in the State's case against Stedman, including the lack of physical evidence that tied him to the murder and the witnesses' reluctance to identify him as the shooter," the State did present evidence of Stedman's motive and opportunity, a statement from Stedman about his "problems with Bristol," and testimony from eyewitnesses linking Stedman to the crime scene. (Id.). Ultimately, the Court concluded that the declarations of Vogelson and Baker were "somewhat probative" but "f[e]ll short of that which is required to demonstrate actual innocence." (Id. at 25). In all, the Court found that Stedman failed to satisfy the threshold requirements for the Court to consider his time-barred Petition on the merits and dismissed his federal habeas Petition. (Id. at 26).

On May 9, 2019, Stedman filed a Motion to Alter and/or Amend the Judgment set forth in the Court's April 23, 2019 Memorandum Opinion and Order. (ECF No. 34). To date, the Court has no record that Respondents filed an Opposition.

## II. DISCUSSION

**A.   Standard of Review**

A motion to alter or amend is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 59(e), a district court may alter or amend a final judgment under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

**B.   Analysis**

In his Motion, Stedman offers additional information to explain the delay between his receipt of the affidavits in 2005 and his motion to re-open the state court proceedings in June 2008. Stedman explains that after he secured the affidavits in 2005, he hired an attorney to assist him in filing a Freedom of Information Act ("FOIA") request with the

police, presumably to obtain copies of any statements the affiants provided to police. (Mot. Alter/Amend. J. at 2, ECF No. 34). Stedman contends that his attorney failed to act in a timely manner to obtain the information and refused to move to re-open the state proceedings while the FOIA request was pending. (Id.). Additionally, Stedman contends that during this time he was transferred between prisons, and thus did not have access to his property, a library, or a phone. (Id. at 2–3). Stedman asserts that, once he received writing materials, he advised his attorney that he would fire him if he did not file suit against the police department. (Id. at 3). Stedman's attorney filed suit but failed to request an expedited hearing. (Id.). Stedman's attorney then withdrew the FOIA case because he had reached an agreement with the police department to review the file. (Id. at 4). The police ultimately did not produce the file as agreed. (Id.). Several months later, Stedman's attorney filed a motion to re-open the state post-conviction proceedings after Stedman threatened again to fire him. (Id.). After the Court denied Stedman's motion to re-open the proceedings, Stedman filed a self-represented FOIA request and ultimately gained access to the police files, which indicated that Vogelson and Baker were interviewed by police on the night of the shooting. (Id. at 5–6). Stedman also explains that the delay in filing the instant Petition was due to difficulty in finding assistance with filing a federal habeas petition, his being assaulted by correctional staff, and his housing in disciplinary segregation for two months. (Id. at 8–9).

At bottom, Stedman's Motion does not state adequate grounds for the Court to reconsider its Memorandum Opinion and Order dismissing his Petition. Stedman fails to identify an intervening change in controlling law, new evidence that was not available at

the time the Court ruled on Stedman's Petition, a clear error in the Court's reasoning, or a manifest injustice resulting from the Court's ruling. Moreover, although Stedman offers an explanation for the delay between his receipt of the affidavits and his motion for post-conviction relief, this explanation does not undermine the Court's findings that Stedman was not entitled to statutory or equitable tolling and Stedman had not met his burden of showing actual innocence. Stedman does not offer any justiciable reason why the Court should revise its April 23, 2019 Memorandum Opinion and Order and consider Stedman's Petition timely. Put simply, Stedman may not relitigate the issue of the timeliness of his Petition merely because he disagrees with the findings in the Court's April 23, 2019 ruling. See Lynn, 953 F.Supp.2d at 620. Accordingly, Stedman's Motion must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Stedman's Motion to Alter and/or Amend the Judgment (ECF No. 34). A separate Order follows.

Entered this 19th day of November, 2019.

/s/
George L. Russell, III
United States District Judge